UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|   Plaintiff/Respondent, | § | |
| | § | CRIMINAL NO. 2:17-144-1 |
| v. | § | CIVIL NO. 2:18-200 |
| | § | |
| CHAD LATHAM, | § | |
|   Defendant/Movant. | § | |

## MEMORANDUM OPINION & ORDER

Defendant/Movant Chad Latham filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 60.[1] Pending before the Court is the United States of America's (the "Government") Motion to Dismiss (D.E. 77), to which Movant did not respond.

### I. BACKGROUND

On September 22, 2016, Movant's girlfriend, Codefendant Marina Michelle Pulmano, walked into Prosperity Bank in Yoakum, Texas, and handed the teller a note that read, "This is a robbery. I have a gun. No dye bags." The teller handed Pulmano approximately $6,000 in U.S. currency. Pulmano left the bank on foot and was picked up by Movant, who was driving a getaway car. On November 3, 2016, Movant entered the same Prosperity Bank and gave the teller a note that read, "I have a gun. I will start shooting. Give me all the money in the drawers." The teller gave Movant approximately $1,600 in U.S. currency. Movant fled the bank on foot and was picked up by Pulmano, who was driving a different getaway car.

Movant was charged with two counts of bank robbery. On May 15, 2017, he pled guilty to Count Two (the November 3, 2016, robbery). In exchange for his guilty plea, the Government agreed to recommend that Movant receive maximum credit for acceptance of responsibility and a

---

1. Docket entries refer to the criminal case.

1

sentence within the applicable guideline range. As part of the plea agreement, Movant waived his right to appeal or file a motion under 28 U.S.C. § 2255, except to raise a claim of ineffective assistance of counsel.

The Presentence Investigation Report (PSR) assigned Movant a base offense level of 20. Two levels were added pursuant to U.S.S.G. § 2B3.1(b)(1) because the robbery was committed at a financial institution, and two levels were added pursuant to U.S.S.G. § 2B3.1(b)(2) because a death threat was made. Movant was given a three-level adjustment for acceptance of responsibility. The resulting advisory Guideline range for Level 21, Criminal History Category VI, was 77–96 months.

On August 8, 2017, the Court sentenced Movant to 70 months' imprisonment, 3 years' supervised release, and a $100 special assessment. He was also ordered to pay $7,600 in restitution. Judgment was entered August 10, 2017. Movant's conviction became final on August 24, 2017, the last day on which he could have filed a notice of appeal.

Movant filed the current motion under 28 U.S.C. § 2255 on June 28, 2018. It is timely.

## II. MOVANT'S ALLEGATIONS

Movant's motion raises a single ground for relief: counsel was ineffective for failing to object to the two-level enhancement because a death threat was made, which subjected Movant to a higher Guideline range.

## III. ANALYSIS

### A. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the

statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

### B. Ineffective Assistance of Counsel

An ineffective assistance of counsel allegation presented in a § 2255 motion is properly analyzed under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 689 (1984). *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his or her counsel's performance was both deficient and prejudicial. *Id*. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. *United States v. Dovalina*, 262 F.3d 472, 474–75 (5th Cir. 2001).

In reviewing ineffectiveness claims, "judicial scrutiny of counsel's performance must be highly deferential," and every effort must be made to eliminate "the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. An ineffective assistance claim focuses on "counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct[,]" because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence." *Id*. at 689–90. With regard to the prejudice requirement, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. "Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim." *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997). "A court need not address both components of the inquiry if the defendant makes an

insufficient showing on one." *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994).

Movant claims that defense counsel was ineffective for failing to object to the two-level enhancement pursuant to U.S.S.G. § 2B3.1(b)(2) because a death threat was made. According to Movant, "In my Discovery there was no note recovered stating I made a Death threat. I did not make no Death threat to anyone at all." D.E. 60, p. 4.

During rearraignment, the Government summarized the factual basis for Movant's plea in relevant part:

> In the November 3rd, 2016 incident, a man . . . entered into the bank and approached the teller identified by the initials as SV and *passed the teller a note that said, I have a gun, I will start shooting, give me all the money in the drawers*. The teller then gave the man $1,600 cash. He took the money from the teller. The teller saw the man run east from the bank towards Front Street. The teller saw a flat black pickup without a tailgate speeding away going north on Front Street.
>
> ***
>
> [Ms. Pulmano] stated that on the other bank robbery in November, that Mr. Latham was the individual that went into the bank.

5/15/2017 Rearraignment Hrg. Tr., D.E. 67 at 39:4-14, 41:2-5 (emphasis added). Movant agreed that the Government's statement of facts surrounding his involvement in the November 3, 2016, bank robbery was correct. *Id.* at 41: 8-12.

Movant's sworn statement in open court confirming that he handed the bank teller a note stating that he had a gun and would start shooting is entitled to a strong presumption of truthfulness. *See United States v. Lampaziane*, 251 F.3d 519, 524 (5th Cir. 2001) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) (statements made under oath in open court "carry a strong presumption of verity" and create a "formidable barrier" in subsequent proceedings)). Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." *United States v. Cothran*, 302 F.3d 279, 283–84 (5th Cir. 2002). Thus, a defendant ordinarily will not be allowed to refute his own testimony given under oath at rearraignment without an eyewitness or other independent

4

evidence supporting his new and contradictory claim. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).

Movant has failed to offer any evidence supporting his claim that he did not make a death threat during the course of the robbery. Defense counsel was therefore not ineffective for failing to object to the enhancement pursuant to U.S.S.G. § 2B3.1(b)(2). This claim is denied.

**IV. CERTIFICATE OF APPEALABILITY**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." RULE 11, § 2255 RULES.

A certificate of appealability (COA) "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84).

Based on the above standards, the Court concludes that Movant is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## V. CONCLUSION

For the foregoing reasons, the Government's motion to dismiss (D.E. 77) is **GRANTED**; Movant's motion under 28 U.S.C. § 2255 (D.E. 60) is **DENIED**; and Movant is **DENIED** a Certificate of Appealability.

It is so **ORDERED** this 20th day of February, 2019.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE